NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALEXSAM, INC.,**
*Plaintiff-Appellant*

**v.**

**CIGNA CORPORATION, CIGNA HEALTH AND LIFE INSURANCE COMPANY, CONNECTICUT GENERAL LIFE INSURANCE COMPANY, CIGNA HEALTHCARE OF TEXAS, INC.,**
*Defendants-Appellees*

---

2022-1599

---

Appeal from the United States District Court for the Eastern District of Texas in No. 2:20-cv-00081-RWS-RDP, Judge Robert Schroeder, III.

---

Decided: April 1, 2024

---

STEVEN RITCHESON, Insight, PLC, Marina del Rey, CA, argued for plaintiff-appellant. Also represented by JACQUELINE KNAPP BURT, Heninger Garrison Davis, LLC, Atlanta, GA; TIMOTHY C. DAVIS, W. LEE GRESHAM, III, Birmingham, AL.

RICARDO BONILLA, Fish & Richardson P.C., Dallas, TX,

argued for defendants-appellees. Also represented by NEIL J. MCNABNAY, BRET THOMAS WINTERLE, LANCE E. WYATT, JR.

---

Before PROST, TARANTO, and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

AlexSam, Inc. appeals a summary judgment decision holding that Cigna Corp. and its affiliates did not infringe AlexSam, Inc.'s multifunction card system patent. Because AlexSam, Inc. failed to provide sufficient evidence of infringement, we affirm.

# I

## A

AlexSam, Inc. (AlexSam) owns U.S. Patent No. 6,000,608 (the '608 patent), disclosing a "multifunction card system." J.A. 7. The basic premise of the patent is the ability to use a debit or credit card for purposes other than financial transactions. In the case at hand, the function would be to use a debit or credit card that could also provide a healthcare provider with a cardholder's medical account information and other health-related information. *See* Appellant's Br. at 3 n.1.

AlexSam's infringement claims center on independent claim 32 of the '608 patent, which is representative:

> A multifunction card system comprising:
>
> > a. at least one debit/medical services card having a unique identification number encoded on it comprising a bank identification number approved by the American Banking Association for use in a banking network;

> b. a transaction processor receiving card data from an unmodified existing standard point-of-sale device, said card data including a unique identification number;
>
> c. a processing hub receiving directly or indirectly said card data from said transaction processor; and
>
> d. said processing hub accessing a first database when the card functions as a debit card and said processing hub accessing a second database when the card functions as a medical card.

’608 patent at 15:65–16:11.

Dependent claim 33, also at issue in this case, simply claims that the multifunction card includes a user’s medical identification number. *Id.* at 16:12–14.

B

On March 18, 2020, three years after the ’608 patent’s expiration, AlexSam filed suit against Cigna Corp., Cigna Health and Life Insurance Co., Connecticut General Life Insurance Co., and Cigna Healthcare of Texas, Inc. (collectively, Cigna) in the Eastern District of Texas, alleging that Cigna’s Consumer-Driven Health Plan debit cards infringed independent claim 32 and dependent claim 33 of the ’608 patent. Before holding a *Markman* claim construction hearing, the trial court issued suggested preliminary constructions for disputed claims to facilitate discussion between the parties. AlexSam requested that the trial court adopt the same construction for the term “unmodified” in claim 32 that was used in a virtually identical claim from a case 15 years prior. *See AlexSam, Inc. v. Datastream Card Servs. Ltd.*, No. 2:03–CV–337, 2005 WL 6220095, at *9 (E.D. Tex. June 10, 2005) (hereinafter, *Datastream*). *Compare* J.A. 80 (AlexSam proposing the *Datastream*

construction in this case), *with* J.A. 598 (AlexSam noting that since 2005, courts have used the *Datastream* construction at AlexSam's request).

The trial court adopted the *Datastream* construction but added two commas to it at Cigna's request for clarity. The final construction for "unmodified" in claim 32 reads: "a terminal, for making purchases, that is of the type in use as of July 10, 1997, and that has not been reprogrammed, customized, or otherwise altered with respect to its software or hardware for use in the card system." J.A. 80.

After the close of discovery, Cigna filed a motion for summary judgment of non-infringement and AlexSam filed a motion for summary judgment of infringement. After a hearing on the motions, the magistrate judge overseeing the case issued a recommendation that the trial court grant Cigna's motion for summary judgment of non-infringement, based on a proposed finding that AlexSam lacked sufficient evidence to establish Cigna's infringement, and deny AlexSam's summary-judgment motion. The trial court accepted the magistrate judge's recommendation, granting Cigna's motion and denying AlexSam's motion. *Alexsam, Inc. v. Cigna Corp.*, No. 2:20-cv-81 (E.D. Tex. Mar. 16, 2022), ECF No. 248. This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

Our court reviews a claim construction based on intrinsic evidence de novo and reviews any findings of fact based on extrinsic evidence for clear error. *SpeedTrack, Inc. v. Amazon.com*, 998 F.3d 1373, 1378 (Fed. Cir. 2021). "We review summary judgment decisions under regional circuit precedent . . . ." *Unwired Planet, LLC v. Apple Inc.*, 829 F.3d 1353, 1356 (Fed. Cir. 2016). The Fifth Circuit reviews the grant of summary judgment de novo. *Patel v. Tex. Tech Univ.*, 941 F.3d 743, 747 (Fed. Cir. 2019). "Summary judgment is appropriate when, drawing all justifiable inferences in the nonmovant's favor, the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Unwired Planet*, 829 F.3d at 1356; *see also* Fed. R. Civ. P. 56(a); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

## III

AlexSam raises two issues on appeal: (1) whether the district court erred in applying the district court's and parties' agreed-upon claim construction for claim 32 of the '608 patent and (2) whether AlexSam lacked sufficient evidence for a reasonable jury to find that Cigna infringed the '608 patent. We address each in turn.

### A

During the *Markman* proceedings previously discussed at Section I.B, *supra*, the district court construed the meaning of the term "unmodified existing standard point-of-sale [(POS)] device," which is found in claim 32 (element b) of the '608 patent. At that time, AlexSam had proposed the construction. J.A. 598. Now, AlexSam argues that while claim 32 was construed correctly, the district court erred by ignoring the end of the construction, which states "for use in the card system." We disagree.

AlexSam has advocated for over fifteen years for the same claim construction contained in claim 32 of the '608 patent. *See, e.g.*, *Datastream*, 2005 WL 6220095, at *9; *AlexSam, Inc. v. Humana, Inc.*, No. 2:07–cv–288, 2009 WL 2843333, at *4 (E.D. Tex. Aug. 28, 2009). For the first time, on summary judgment in this case, AlexSam argues for a broader construction of claim 32. AlexSam asserts that "for use in the card system" means that "a closed system that required single-function dedicated hardware to be installed in each retail location" would not result in infringement of the '608 patent. J.A. 960. Conversely, a "general use POS that applied a BIN (or encrypted BIN) to access a processing hub over an existing banking network would

[infringe], even if the POS device required some preprogramming and configuration." J.A. 960. The magistrate judge "decline[d] to hear [AlexSam's] waived claim construction arguments that could have and should have been raised in the first instance during claim construction." J.A. 108. The magistrate judge's decision is in line with our precedent. Where a court has prescribed specific claim construction procedures and the parties have proceeded toward trial in reliance on them, the court has discretion to preclude parties from injecting "new claim construction theories on the eve of trial." *Bettcher Indus., Inc. v. Bunzl USA, Inc.*, 661 F.3d 629, 640–41 (Fed. Cir. 2011). Thus, we decline to consider AlexSam's eleventh-hour arguments for a broader construction of claim 32 of the '608 patent.

AlexSam also argues that the magistrate judge did not properly apply the claim term "for use in the card system." To support this allegation, AlexSam points to the magistrate's report and recommendation to the trial court. We find the record reflects the opposite. The magistrate judge did consider the term "for use in the card system" when it stated that "any modification to the software or hardware that impacts how the POS device would be *used in the card system* would fall outside of the scope of the claims." J.A. 109 (emphasis added). Even Cigna acknowledged this, stating that adding a sticker to a POS device or replacing its power cord would not qualify as a modification of the POS device "for use in the card system." AlexSam is incorrect in its assertion that the trial court did not give weight to the term "for use in the card system."

We previously applied the same claim construction language in *Alexsam, Inc. v. IDT Corp.*, 715 F.3d 1336 (Fed. Cir. 2013), and left it undisturbed. Discussing AlexSam's burden of proof for infringement, we stated that "Alexsam needed to prove both that these systems made use of terminals 'of the type in use as of July 10, 1997,' and also that those terminals 'ha[d] not been reprogrammed, customized, or otherwise altered with respect to [their]

software . . . *for use in the card system*.'" *IDT*, 715 F.3d at 1341 (emphasis added and emphasis in original omitted). Thus, our court, like previous courts, appropriately considered the limitation "for use in the card system," despite AlexSam's claims to the contrary.[1]

B

While AlexSam spends a significant amount of time arguing about claim construction issues, the reality is that this case hinges on AlexSam's infringement claims against Cigna, which fail in light of our precedential decision in *IDT*. In that case, AlexSam alleged that IDT Corp. infringed its '608 patent—the same patent at issue here. We held that AlexSam did not provide sufficient evidence that the alleged infringer used unmodified devices—its experts simply opined that the devices were unmodified because the technology from 1997 in these devices was unchanged for the purposes of the '608 patent's technology. *IDT*, 715 F.3d at 1342. Thus, an expert's opinion on what was simply "required" in order to activate an IDT card was different

---

[1] AlexSam contended to the trial court that "the [Federal Circuit] in *IDT* erred by ruling that the POS devices cannot be modified in any way . . . [therefore] the reasoning in *IDT* cannot and should not be applied here." J.A. 991. To the extent that AlexSam contends that our decision in *IDT* was in error, we see none, and in any event, a panel of this court lacks the authority to overrule a prior panel absent a Supreme Court or en banc decision. *Deckers Corp. v. United States*, 752 F.3d 949, 964 (Fed. Cir. 2014) ("We have . . . adopted the rule that a panel of this court—which normally sits in panels of three, and not en banc—is bound by the precedential decisions of prior panels unless and until overruled by an intervening Supreme Court or en banc decision.").

from actual evidence that POS devices had been modified to utilize an IDT card. *Id*.

Despite this binding precedent, AlexSam's expert testimony in this case suffers from similar flaws. AlexSam's experts stated that while modifications and software updates may have been implemented in POS devices since 1997, they still function as a POS device in 1997 would function regarding the '608 patent's technology. But as the magistrate judge noted, "[a]t no point in either [AlexSam's expert's] report or [a fact witness's] deposition did either one offer any evidence '*whether modifications have, in fact, been made for any reason*' to the POS terminals used in the accused system," as *IDT* requires. J.A. 112 (quoting *IDT*, 715 F.3d at 1342). The magistrate judge continued, "[t]hough Alexsam need not necessarily have conclusive proof at this summary judgment stage that every transaction occurred at an 'unmodified standard POS device,' it does need enough evidence from which a reasonable jury could conclude that the transactions did ***actually*** occur at 'unmodified standard POS device[s].' Alexsam has provided none." J.A. 113. The magistrate judge correctly concluded that "AlexSam's evidence in this case, like its evidence in *IDT*, simply shows that modifications of standard existing POS devices were not *required* for use in the accused system. Binding precedent establishes that such evidence is insufficient." J.A. 113. We concur.

## IV

We have considered the rest of AlexSam's arguments and find them unpersuasive. We therefore affirm the district court's decision that AlexSam failed to provide sufficient evidence of Cigna's infringement of claims 32 and 33 of the '608 patent.

**AFFIRMED**